**GREGORY T. MURPHY**
California Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Email: Gregory_Murphy@fd.org

Attorneys for Mr. Martinez-Valdez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**EDUARDO MARTINEZ-VALDEZ**,<br>Defendant. | CASE NO.: 07CR3401-L-01<br>DATE: May 6, 2008<br>TIME: 10:00 a.m.<br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS AND MOTIONS IN LIMINE |

**I.**

**STATEMENT OF FACTS**

Mr. Martinez-Valdez is charged by indictment with being a deported alien found in the United States in violation of 8 U.S.C. §1326. This motion incorporates the facts included in Mr. Martinez-Valdez previously filed motions.

**II.**

**THE CERTIFICATE OF NONEXISTENCE OF RECORD IS INADMISSIBLE BECAUSE IT VIOLATES THE CONFRONTATION CLAUSE OF THE CONSTITUTION AND ALLOWS THE GOVERNMENT TO CIRCUMVENT ITS DISCOVERY OBLIGATIONS**

The government may seek to produce and introduce a Certificate of Nonexistence of Record (hereinafter "CNER") to establish that Mr. Martinez-Valdez did not obtain permission to reapply for admission into the United States. This document is inadmissible because it violates the Confrontation Clause of the Sixth Amendment. Crawford v. Washington, 541 U.S. 36 (2004) (holding that admission of

testimonial statements of a witness who does not appear at trial and who the defendant did not have a prior opportunity to cross-examine violates the confrontation clause).

The Ninth Circuit's conclusion that a CNER is not testimonial, see United States v. Cervantes-Flores, 421 F.3d 825 (9th Cir. 2005), is untenable in light of Davis v. Washington, 547 U.S. 813 (2006), a case issued after Cervantes-Flores. Davis emphasizes that the crucial inquiry regarding whether a statement is testimonial is whether it is "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." Davis, 547 at 826. The CNER is quintessentially such a declaration. Indeed, its sole purpose for existing is to prove the fact that the record does not include an application for admission. In light of Davis, therefore, the conclusion in Cervantes-Flores that the CNER is non-testimonial must be reevaluated. See United States v. Earle, 488 F.3d 537 (1st Cir. 2007) (Declining, after Davis, to follow lead of Circuits that previously had found the CNER non-testimonial.).

Additionally, the failure to have this witness testify at trial and allow the admission of the CNER is an attempt by the Government to circumvent its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. U.S., 405 U.S. 150 (1972) and the Jenks Act, 18 U.S.C.§ 3500, *et seq*. If the declarant were to appear at trial to testify, Mr. Martinez-Valdez would undoubtedly be entitled to discovery material, including impeachment evidence against that declarant and her own prior statements and certain other documents, in addition to being entitled to exercise the constitutional right of cross-examination. If the Court does allow the admission of the CNER, Mr. Martinez-Valdez requests production of any and all discoverable material to which he would be entitled were this witness to testify at trial.

## III.

## THIS COURT SHOULD PRECLUDE ANY EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 609 BECAUSE THE GOVERNMENT HAS NOT PROVIDED ADEQUATE NOTICE OF OTHER CRIMES, WRONGS OR ACTS

### A. Exclusion of Other Acts Evidence Under Rules 404(b) and 403.

Federal Rule of Evidence 404(b) strictly forbids the use of evidence of prior crimes or bad acts merely to prove bad character. United States v. Garcia-Orozco, 997 F.2d 1302, 1303-04 (9th Cir. 1993). The use of evidence pursuant to this rule "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case." Id. at 1304 (citing United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985)). The purpose of Rule 404(b) is to "avoid

a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." United States v. Hill, 953 F.2d 452, 457 (9th Cir. 1991). The government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case. It "must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citing United States v. Hernandez-Miranda, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added); accord United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993).

Because of the probative value of this evidence is typically outweighed by the danger of unfair prejudice, Fed. R. Evid. 403, the government is required to provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. Fed. Evid. 404(b). Timely notice of such evidence is not only a condition precedent to the admission of such evidence, but also critical so that Mr. Martinez-Valdez may adequately prepare his defense. The notice requirement is triggered when timely requested by the defendant. United States v. Vega, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Martinez-Valdez timely requested notice of proposed Rule 404(b) evidence in his motion to compel discovery, dated December 17, 2007. (Def.'s Mot. to Compel. Disco., Doc. #5 at 3). To date, the Government has not provided any notice of any proposed Rule 404(b) evidence it intends to introduce at trial.

Because the government has failed to provide adequate notice of other crimes, wrongs, or acts allegedly committed by Mr. Martinez-Valdez, let alone articulate the precise evidential hypothesis by which this evidence will be admitted, this Court should exclude any evidence the government seeks to introduce under Rule 404(b).

**B. Exclusion of Prior Convictions to Impeach Witness Under Rule 609.**

Federal Rule of Evidence 609(a)(1) restricts impeachment of the accused by evidence of a prior conviction to those offenses for which the court determines that the probative value outweighs its prejudicial effect to the accused. The government should be precluded from introducing any evidence of Mr. Martinez-Valdez's prior conviction, as it is irrelevant under Federal Rule of Evidence 401 and prejudicial under Federal Rule of Evidence 403. Even if Mr. Martinez-Valdez were to testify at trial, the danger of

unfair prejudice would substantially outweigh any possible relevance of his prior offense. See Fed. R. Evid. 401, 403, 609.

To the extent that this Court rules that Mr. Martinez-Valdez's prior conviction is admissible under Rule 609, this Court should redact any documents referencing, and preclude the prosecutor from referring to, the offense and specific facts of any crime for which Mr. Martinez-Valdez was convicted. Such information would be more prejudicial than probative of Mr. Martinez-Valdez's guilt of the charged offense. See Fed. R. Evid. 401, 403, 609.

## IV.

## THIS COURT SHOULD PRECLUDE EXPERT TESTIMONY BECAUSE MR. MARTINEZ-VALDEZ WAS NOT GIVEN NOTICE AS REQUIRED BY FEDERAL RULE OF CRIMINAL PROCEDURE 16(A)(1)(E)

Federal Rule of Criminal Procedure 16(a)(1)(E) mandates that "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial . . . . The summary provided under this subdivision shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." The obligation to provide this material is ongoing, continuing prior to and during trial. Fed. R. Crim. P. 16(c). When a party fails to comply with the discovery rules set forth in Rule 16, exclusion is a proper remedy. Fed. R. Crim. P. 16(d)(2). See also Advisory Committee Notes to 1997 Amendment (asserting that "[u]nder rule 16(a)(1)(E), as amended in 1993, the defense is *entitled* to disclosure of certain information about expert witnesses which the government intends to call during the trial" (emphasis added).

Mr. Martinez-Valdez filed a Motion to Compel Discovery on December 17, 2007, which requested that the government disclose its expert witnesses per Rule 16. (Def.'s Mot. to Compel. Disco., Doc. # 9 at 4). Thus far, the government has not given any notice regarding expert testimony. This Court therefore should exclude any expert witness from testifying in order to give effect to the discovery requirements of Rule 16 and afford Mr. Martinez-Valdez the opportunity to prepare his defense.

## V.

## THE COURT SHOULD PRECLUDE ADMISSION OF DOCUMENTS NOT YET PRODUCED IN DISCOVERY AND SHOULD REQUIRE THE GOVERNMENT TO COMPLY WITH THE NOTICE REQUIREMENTS OF RULE 16 (d)(2)

Pursuant to Rule 16(d)(2), Mr. Martinez-Valdez requests that the Court prohibit the introduction of any documents not yet produced in discovery. Additionally, pursuant to Federal Rule of Criminal Procedure 16 (d)(2), Mr. Martinez-Valdez requests that the Court order the Government to provide him with prompt written notice of its intention to use any discoverable evidence in its case-in-chief.

## VI.

## THIS COURT SHOULD PRECLUDE THE A-FILE CUSTODIAN FROM TESTIFYING ABOUT IMMIGRATION PROCEEDINGS

Under the Fifth and Sixth Amendments, a defendant has a constitutional right to a fair trial and to confront the witnesses against him. Evidence must be relevant and not create confusion for the jury or be unfairly prejudicial to the defendant. Fed. R. Evid. 401, 403. In addition, no lay witness is permitted to offer an opinion or testify about specialized knowledge. Fed. R. Evid. 702, *et seq.*; United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997) (expert opinion need not be based upon highly technical knowledge; it may be based upon knowledge which would be "unfamiliar" to "the ordinary juror").

In this case, Mr. Martinez-Valdez expects that the Government will call the A-file custodian to establish the foundation for the admission of selected documents from Mr. Martinez-Valdez's A-file. It is also expected that the Government will ask the A-file custodian how immigration proceedings work. Such testimony is inadmissible under Federal Rules of Evidence 401, 403, 702, 802, and its admission would violate Mr. Martinez-Valdez's rights to a fair trial and confrontation of witnesses under the Fifth and Sixth Amendments. It is unlikely that the A-file custodian has participated in deportation proceedings as either an immigration judge or an immigration attorney and thus he would not be testifying from his own personal knowledge, but from the hearsay statements of other people, who were not presented for cross-examination by Mr. Martinez-Valdez. This Court should therefore preclude the A-file custodian from testifying about how immigration proceedings work and about the significance of such documents. Rather, the A-file

custodian's testimony should be limited to laying a foundation for the admission of any A-file documents this Court admits into evidence.

**VII.**

**THE COURT SHOULD EXCLUDE THE A-FILE CUSTODIAN**

Federal Rule of Evidence 615 directs the Court to exclude witnesses from the courtroom unless their presence is shown "to be essential to the presentation of the party's cause. . ." or the person is authorized by statute to be present. Fed. R. Evid. 615. The government has made no showing that the A-file custodian, or case agent, is such a person. Traditionally, witnesses such as the A-file custodian do not participate in the arrest or investigation of deported aliens other than to request and temporarily keep the accused's immigration A-file. The government will use this witness as nothing more than a custodian to lay a foundation for the admission of certain documents it considers relevant. The Court should treat this witness as any other witness in this case and exclude him or her from trial.

**VIII.**

**THIS COURT SHOULD PROHIBIT THE WITNESSES FROM REFERRING TO MR. MARTINEZ-VALDEZ AS "THE ALIEN"**

To convict Mr. Martinez-Valdez, the government must prove that he is an "alien." See 8 U.S.C. § 1326. "Alien" is a legal term that must be defined by this Court. See Berry v. City of Detroit, 25 F.3d 1342 (6th Cir. 1994) (responsibility of court, not testifying witnesses, to define legal terms); Fed. R. Evid. 704(a). It is also a finding that the jury must make; thus, no witness is permitted to opine that this element has been proved. See United States v. Espino, 32 F.3d 253, 257 (7th Cir. 1994) (question whether the defendant was "admitting the conspiracy" was improper because it required a legal conclusion).

The government likely will call several witnesses from the Department of Homeland Security (DHS), specifically, the A-file custodian, border patrol agents, and detention enforcement officers. Because the DHS has accused Mr. Martinez-Valdez of being an alien, it is anticipated that these witnesses will refer to Mr. Martinez-Valdez as "the alien." If these witnesses testify that Mr. Martinez-Valdez is an alien, it will create confusion among the jurors regarding this Court's instructions on the law and what the government has—or has not—proven, in violation of Federal Rule of Evidence 403. It will also subvert Mr. Martinez-Valdez's right to a jury finding of every essential element—a right guaranteed by the Fifth and Sixth

Amendments. Accordingly, this Court should preclude the witnesses from referring to Mr. Martinez-Valdez as "the alien."

**IX.**

**THE COURT SHOULD PRECLUDE SENDING THE INDICTMENT INTO THE JURY ROOM DURING DELIBERATIONS**

In the commentary to Model Instruction 3.2.1, "Charge Against Defendant Not Evidence," the Committee on Model Jury Instructions, in the Ninth Circuit Manual of Model Jury Instructions, strongly recommends that the Indictment not be sent into the jury room during deliberations. The commentary observed that neither the Federal Rules of Criminal Procedure nor case law require sending a copy of the indictment to the jury room because the indictment is not evidence.

Mr. Martinez-Valdez urges this Court to follow the Committee's guidance. The language in the instant indictment "tracks" the language of the charged statutes. Accordingly, it is probable that jurors will be persuaded by the similarities alleged in the indictment returned by the grand jury and the elements which must be proven in the charged statutes. Furthermore, the indictment recites that "the grand jury charges," and this could persuade those jurors without experience with the grand jury system that another jury had already found Mr. Martinez-Valdez guilty. Mr. Martinez-Valdez also requests that this Court caution the jury that the indictment is not evidence. See United States v. Utz, 886 F.2d 1148, 1151-1152 (9th Cir. 1989).

**X.**

**CONCLUSION**

Mr. Martinez-Valdez respectfully requests that the Court grant the above motions in limine.

Respectfully submitted,

Dated: April 22, 2008

*s/ Gregory T. Murphy*
**GREGORY T. MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Martinez-Valdez