KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO MARTINEZ-VALDEZ,<br><br>Defendant. | Criminal Case No. 07CR3401-L<br><br>Date: May 6, 2008<br>Time: 10:00 a.m.<br><br>The Honorable M. James Lorenz<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions In Limine in the above-referenced case to (1) Prohibit Collateral Attack Of Deportation; (2) Prohibit Reference To Why Defendant Reentered The United States; (3) Prohibit Reference To Prior Residency; (4) Prohibit Reference To Document Destruction; and (5) Preclude Expert Testimony By Defense. These motions in limine are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On December 19, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b). On December 20, 2007, Defendant was arraigned on the Indictment and pled not guilty. On January 3, 2008, Defendant filed a discovery motion and the United States filed its response and motions for discovery. On May 6, 2008, the Court will hear all motions, including motions in limine. The trial is set for May 13, 2008 at 9:00 a.m. As such, the United States files this memorandum of points and authorities in support of the following motions in limine.

## II

## STATEMENT OF FACTS

### A. INSTANT OFFENSE – ILLEGAL REENTRY (FOUND IN)

#### 1. Apprehension and Parole Violation Confirmation

On April 23, 2007, at approximately 11:20 a.m., United States Border Patrol Agents were conducting operations east of Tocayo and south of Interstate 5 near Dairy Mart Road in San Diego, California. Agents encountered Defendant and performed a field interview. Defendant, freely identified himself as "Eduardo Martinez-Valdez," and admitted that he was a citizen and national of Mexico. Defendant also freely admitted that he did not possess documentation that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to a border patrol station for processing.

While processing Defendant, Agents were able to verify that Defendant had a parole hold on him. Consequently, Defendant was turned over to state authorities for a violation of parole under California Penal Code Section 3056.

#### 2. Immigration Check

On April 23, 2007, Border Patrol Agents notified Immigration and Customs Enforcement ("ICE") that Defendant was in custody and that he was being transferred to state authorities due to a parole violation. An immigration detainer was placed on Defendant pending his release from state custody.

/ /

**3. <u>Transfer to ICE Custody</u>**

As discussed below, Defendant served approximately eight months in state custody for the parole violation. On October 10, 2007, Defendant was transferred from state custody to ICE custody. Special Agent Harrison performed a detailed records check on Defendant, which revealed that Defendant is a citizen and national of Mexico, and that Defendant had been previously deported from the United States.

**4. <u>Advice of Rights</u>**

On October 10, 2007, Defendant was advised of his <u>Miranda</u> rights at approximately 10:20 a.m. Defendant elected to invoke his rights.

**B. <u>DEFENDANT'S IMMIGRATION HISTORY</u>**

Defendant is a Mexican citizen who was ordered deported by an immigration judge on January 19, 2005. Defendant was physically removed from the United States pursuant to the deportation order on that same day through the pedestrian lanes at the Nogales, Arizona, Port of Entry.

**B. <u>DEFENDANT'S CRIMINAL HISTORY</u>**

Defendant has an extensive criminal history, and the United States, propounds that Defendant has thirteen criminal history points placing him in Criminal History Category VI. On February 20, 2002, Defendant was convicted of misdemeanor vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 90-days jail and 3 years probation.

On July 11, 2002, Defendant was convicted of felony vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 180-days jail and 4 years probation. On September 30, 2004, Defendant received an additional 8-months custody for violating his probation, relating to his conviction for felony vehicle theft. As such, Defendant received a total sentence of approximately 14-months custody for this conviction.

On February 6, 2003, Defendant was convicted of felony vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 300-days jail and 5 years probation. On January 22, 2004, Defendant was convicted of a felony for carrying a loaded firearm with a prior felony conviction, in violation of California Penal Code §§ 12031(a)(1) and (a)(2)(A), and received a sentence of 2 years in prison. On or about May 8, 2007, Defendant's parole was revoked in the case involving his prior felony conviction for California Penal Code § 12031. The court sentenced Defendant to 8 months in prison. On October 10, 2007, Defendant was released from state prison.

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE COURT SHOULD PROHIBIT ANY COLLATERAL ATTACK ON DEFENDANT'S PRIOR DEPORTATION

The lawfulness of Defendant's prior deportation order is not an element of the offense in a prosecution under 8 U.S.C. § 1326. Therefore, any question about the lawfulness of the deportation should not be submitted to the jury for determination.

In United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996) (en banc), the Ninth Circuit overruled its prior decision in United States v. Ibarra, 3 F.3d 1333 (9th Cir. 1993), insofar as it held that the lawfulness of a prior deportation is an element of the offense under § 1326. The Alvarado-Delgado Court noted that while some jurisdictions hold that a prior deportation is an element of the offense if the deportation is "lawful," the statute itself contains no such limitation, stating simply "[a]ny alien who has been arrested and deported or excluded or deported," 8 U.S.C. § 1326(a)(1), "will be guilty of a felony if the alien thereafter, enters, attempts to enter, or is at any time found in the United States." 8 U.S.C. § 1326(a)(2).

As a matter of law, all that the United States has to prove is that the Defendant is the same person who was removed on January 19, 2005. See United States v. Suarez-Rosario, 237 F.3d 1164 (9th Cir. 2001). Because the lawfulness of the prior deportation is not an element of the offense under § 1326, Defendant does not have a right to have the issue determined by a jury. This includes any attempt by Defendant to challenge the prior deportation as invalid due to any alleged deportation under an alias or fictitious name.

Moreover, in United States v. Garza-Sanchez, 217 F.3d 806, 808 (9th Cir. 2000), the Ninth Circuit held that a Defendant who previously waived his right to appeal cannot collaterally attack his deportation:

> A Defendant charged under 8 U.S.C. § 1326 may not collaterally attack the underlying deportation order if he or she did not exhaust administrative remedies in the deportation proceedings, including direct appeal of the deportation order. Accordingly, a valid waiver of the right to appeal a deportation order precludes a later collateral attack.

Id. (citations omitted).

In this case, Defendant validly waived his right to appeal his January 19, 2005 deportation order and, therefore, should be precluded from collaterally attacking his deportation. It would be inappropriate to raise this issue before a jury, which is not tasked with determining the validity of the deportation.

**B. THE COURT SHOULD PROHIBIT REFERENCE TO WHY DEFENDANT ILLEGALLY REENTERED THE UNITED STATES**

Defendant may attempt to offer evidence of the reason for his re-entry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of why Defendant violated 8 U.S.C. § 1326 is irrelevant to the question of whether he did so—the only material issue in this case.

Rule 401 defines "relevant evidence" as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402.

Here, the reason why Defendant reentered the United States and was found in the United States, and any alleged belief that he was justified in doing so, is irrelevant to whether he violated the statute. See, e.g., United States v. Leon-Leon, 35 F.3d 35 F.3d 1428 (9th Cir. 1994). In Leon-Leon, a 1326 found-in case, the defendant sought to introduce evidence at trial that he was in possession of a green card to establish that he reasonably believed he had permission to reenter the United States. Id. at 1432. Recognizing that a 1326 found-in case is a general intent crime, the Ninth Circuit found that "[e]vidence that [the defendant] possessed a green card was not relevant," and therefore concluded that the district court did not abuse its discretion in denying admission of that evidence. Id. 1432-33. In other words, the United States does not need to show that the defendant knew that he did not have permission to reenter the United States, only that there was no permission. Id. Similarly here, the reason why Defendant re-entered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, is irrelevant to any fact at issue in this case.

/ /

## C. THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY

If Defendant seeks to introduce evidence at trial of any former residence in the United States, legal or illegal, the Court should preclude him from doing so. This evidence is irrelevant, inconsistent with congressional intent, and unduly prejudicial. In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993), overruled on limited and unrelated grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion in limine to preclude the defendant from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a § 1326 prosecution. Id. The Ninth Circuit affirmed, reasoning that the district court properly excluded the evidence as irrelevant because the defendant had failed to demonstrate how the evidence could possibly affect the issue of his alienage.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of: (1) involuntariness of initial residence; (2) continuous residency since childhood; (3) fluency in the English language; and (4) legal residence of immediate family members. See id. at 712. The court refused to admit the evidence, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." Id. at 712. The court also noted that admission of the evidence would run "contrary to the intent of Congress." Id. In particular, the court stated that, under Section 212 of the Immigration and Naturalization Act of 1952, 8 U.S.C. § 1182©), the Attorney General of the United States may exercise his discretion not to deport an otherwise deportable alien, if the alien has lived in the United States for seven years. See id. at 712-13.

Put differently, the court found that the factors which the defendant relied upon to establish her de facto citizenship are "among the factors the Attorney General considers in deciding whether to exercise this discretion." Id. at 713. Thus, "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id. As such, the Court should prohibit reference to Defendant's prior residency in the Untied States – legal or illegal.

**D. THE COURT SHOULD PROHIBIT EXAMINATION OR REFERENCE TO ALLEGED DOCUMENT DESTRUCTION AND POOR RECORD KEEPING**

The United States seeks to exclude the Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records. Specifically, the United States seeks to preclude reference to argument that (1) INS computers are not fully interactive with other federal agencies' computers, (2) over two million documents filed by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States, or (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant. Such argument is irrelevant based upon the facts of this case as there has been no proffer or mention by the Defendant that he ever made application to seek reentry after deportation. See United States v. Rodriguez-Rodriguez, 364 F.3d 1142 (9th Cir. 2004) (affirming Judge Lorenz's rulings to deny such testimony in a § 1326 "found-in" case with similar facts).

In Rodriguez-Rodriguez, the Ninth Circuit Court of Appeals held that any such testimony or cross examination seeking to elicit such testimony is properly barred as irrelevant. Id. at 1146. The Ninth Circuit explicitly rejected defense counsel's claim that the district court's exclusion of the anticipated testimony violates the Confrontation Clause. Id. Instead, it declared that "none of the that information is relevant on the facts of this case, because it is uncontested that Rodriguez never made any application to the INS or any other federal agency." Id. Thus, absent at a minimum a proffer that Defendant had in fact applied for or obtained permission to enter or remain in the United States in this instant case, any such line of inquiry on cross examination or on direct testimony is irrelevant and properly excludable.

Additionally, the United States seeks to preclude reference to shredding of immigration documents by a (former) INS contractor as set forth in United States v. Randall, et al., Criminal Case No. SA CR 03-26-AHS (C.D. Cal. 2003) unless the Defendant testifies or offers evidence that (1) he did in fact apply for permission to reenter the United States from the Attorney General, or his designated successor, the Secretary of the Department of Homeland Security and (2) that such a document would have been stored at that particular facility where the shredding occurred in the Randall case. Any reference of document destruction is irrelevant and unfairly prejudicial unless there is some evidence

offered by the Defendant at trial that he did in fact seek permission to reenter the United States. See Fed. R. Evid. 401-403. Moreover, even if the Defendant offers evidence that he did apply, there must be some showing that his application would have been stored at the facility which is the subject of the Randall case during the time of the alleged shredding of the documents. Otherwise, it is immaterial and irrelevant whether a contractor of (former) INS destroyed documents at the INS California Service Center in Laguna Niguel, California because the Defendant did not apply, or if he did apply, his application was not stored there, and therefore, could not have been effected. Such testimony as well as any such statements asserted in Defendant's opening or closing arguments would be unfairly prejudicial to the United States and likely to cause confusion to the jury because such unsupported blanket allegations or references of document destruction or poor record keeping without any showing by the Defendant that he applied for permission to reenter would be misleading. Accordingly, the United States seeks an order precluding such argument.

**E. THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY DEFENSE**

In its motion for reciprocal discovery, the United States requested permission to inspect, copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial. While defense counsel may wish to call an expert to testify, Defendant has provided neither notice of any expert witness nor any reports by expert witnesses. Thus, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualification and relevant of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court grant the United States' motions in limine.

DATED: April 22, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney