KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO MARTINEZ-VALDEZ,<br><br>Defendant. | Criminal Case No. 07CR3401-L<br><br>Date: May 6, 2008<br>Time: 10:00 a.m.<br><br>The Honorable M. James Lorenz<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions In Limine in the above-referenced case to (1) Prohibit Reference To Punishment; (2) Preclude Argument Regarding Warning; (3) Preclude Argument Regarding Duress And Necessity; (4) Preclude Self-Serving Hearsay; and (5) Renewed Motion For Reciprocal Discovery. These motions in limine are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

/ /

## I

## STATEMENT OF THE CASE

On December 19, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b). On December 20, 2007, Defendant was arraigned on the Indictment and pled not guilty. On January 3, 2008, Defendant filed a discovery motion and the United States filed its response and motions for discovery. On May 6, 2008, the Court will hear all motions, including motions in limine. The trial is set for May 13, 2008 at 9:00 a.m. As such, the United States files this memorandum of points and authorities in support of the following motions in limine.

## II

## STATEMENT OF FACTS

### A. INSTANT OFFENSE – ILLEGAL REENTRY (FOUND IN)

#### 1. Apprehension and Parole Violation Confirmation

On April 23, 2007, at approximately 11:20 a.m., United States Border Patrol Agents were conducting operations east of Tocayo and south of Interstate 5 near Dairy Mart Road in San Diego, California. Agents encountered Defendant and performed a field interview. Defendant, freely identified himself as "Eduardo Martinez-Valdez," and admitted that he was a citizen and national of Mexico. Defendant also freely admitted that he did not possess documentation that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to a border patrol station for processing.

While processing Defendant, Agents were able to verify that Defendant had a parole hold on him. Consequently, Defendant was turned over to state authorities for a violation of parole under California Penal Code Section 3056.

#### 2. Immigration Check

On April 23, 2007, Border Patrol Agents notified Immigration and Customs Enforcement ("ICE") that Defendant was in custody and that he was being transferred to state authorities due to a parole violation. An immigration detainer was placed on Defendant pending his release from state custody.

/ /

**3. <u>Transfer to ICE Custody</u>**

As discussed below, Defendant served approximately eight months in state custody for the parole violation. On October 10, 2007, Defendant was transferred from state custody to ICE custody. Special Agent Harrison performed a detailed records check on Defendant, which revealed that Defendant is a citizen and national of Mexico, and that Defendant had been previously deported from the United States.

**4. <u>Advice of Rights</u>**

On October 10, 2007, Defendant was advised of his <u>Miranda</u> rights at approximately 10:20 a.m. Defendant elected to invoke his rights.

**B. <u>DEFENDANT'S IMMIGRATION HISTORY</u>**

Defendant is a Mexican citizen who was ordered deported by an immigration judge on January 19, 2005. Defendant was physically removed from the United States pursuant to the deportation order on that same day through the pedestrian lanes at the Nogales, Arizona, Port of Entry.

**B. <u>DEFENDANT'S CRIMINAL HISTORY</u>**

Defendant has an extensive criminal history, and the United States, propounds that Defendant has thirteen criminal history points placing him in Criminal History Category VI. On February 20, 2002, Defendant was convicted of misdemeanor vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 90-days jail and 3 years probation.

On July 11, 2002, Defendant was convicted of felony vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 180-days jail and 4 years probation. On September 30, 2004, Defendant received an additional 8-months custody for violating his probation, relating to his conviction for felony vehicle theft. As such, Defendant received a total sentence of approximately 14-months custody for this conviction.

On February 6, 2003, Defendant was convicted of felony vehicle theft, in violation of California Vehicle Code § 10851(a), and received a sentence of 300-days jail and 5 years probation. On January 22, 2004, Defendant was convicted of a felony for carrying a loaded firearm with a prior felony conviction, in violation of California Penal Code §§ 12031(a)(1) and (a)(2)(A), and received a sentence of 2 years in prison. On or about May 8, 2007, Defendant's parole was revoked in the case involving his prior felony conviction for California Penal Code § 12031. The court sentenced Defendant to 8 months in prison. On October 10, 2007, Defendant was released from state prison.

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE COURT SHOULD PROHIBIT REFERENCE TO DEFENDANT'S AGE, HEALTH, FINANCES, EDUCATION, AND POTENTIAL PUNISHMENT

Evidence and argument referring to Defendant's health, age, finances, education and potential punishment is inadmissible and improper. As noted previously, Rule 402 provides that "[e]vidence which is not relevant is not admissible," and Rule 403 provides that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." 9th Cir. Model Jury Instructions § 3.1 (2003).[1/] While Defendant's health, age, finances, education and proper punishment may be relevant at sentencing, 18 U.S.C. § 3553(f), references to such facts at trial are irrelevant, unfairly prejudicial, and blatantly improper plays for sympathy and jury nullification.

### B. THE COURT SHOULD PRECLUDE DEFENDANT'S ARGUMENT THAT HE REENTERED BASED UPON "WARNING TO ALIEN DEPORTED"

The Court should preclude any argument that Defendant believed: (1) he was not required to obtain the permission from the Attorney General, or his designated successor at the Secretary of the Department of Homeland Security, prior to re-entering the United States; or (2) he had permission to enter the United States based on any confusion or alleged error in the execution of the I-294 Warning to an Alien Deported. The Ninth Circuit held that such a claim is legally insufficient and that such an argument is improper. See United States v. Ramirez-Valencia, 202 F.3d 1106, 1109-10 (9th Cir. 2000).

### C. THE COURT SHOULD PRECLUDE DEFENDANT'S ARGUMENT THAT HE REENTERED BASED UPON DURESS AND NECESSITY

Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where "the

---

[1/] Additionally, it is inappropriate for a jury to be informed of the consequences of their verdict, United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991), such as references to punishment or the collateral consequences of a conviction.

evidence, as described in the Defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

A Defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) that he was faced with a choice of evils and chose the lesser evil;

(2) that he acted to prevent imminent harm;

(3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) that there was no other legal alternative to violating the law.

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195.

The United States is unaware of any evidence that would support the defenses of either duress or necessity. Accordingly, the United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such comments when, as anticipated, there is an inadequate factual basis for them. The United States moves the Court for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense.

/ /

**D. THE COURT SHOULD PRECLUDE SELF-SERVING HEARSAY**

Defendant may attempt to prove his own statements through the testimony of another witness. Defendant may not do so for several reasons.

First, Defendant cannot rely on Rule 801(d)(2) of the Federal Rules of Evidence to admit self-serving hearsay. Under Rule 801(d)(2), a statement of a party is not hearsay only when it is being offered against the party—not when it is being offered on his behalf. See United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988). Defendant would be the proponent of the evidence; it would not be offered against him. Thus, Defendant would be seeking improperly to have his own self-serving hearsay statements brought before the jury without allowing the United States to cross-examine the defendant himself. See id.

Second, Defendant could not admit such testimony under Rule 801(d)(1)(B). This rule provides an exception to the hearsay rule for a statement offered to rebut a charge of recent fabrication. However, the testimony would be admissible only if the defendant himself were to take the stand and be impeached. See United States v. Navarro-Vareles, 551 F.2d 1331, 1334 (9th Cir. 1976).

Finally, Defendant's out-of-court statements would not be admissible under Rule 803(3)—the only other rule that might conceivably apply. Rule 803(3) excludes from the definition of hearsay a statement of the declarant's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health) but not including a statement of memory or belief to prove the fact remembered or believed." United States v. Cohen, 631 F.2d 522 (5th Cir. 1980). "A person's belief may not be proved by previous out-of-court statements." Id. Indeed, United States v. Emmert, 829 F.2d 805 (9th Cir. 1987), clearly precludes the defendant from introducing his beliefs through statements of other witnesses. In Emmert, the Ninth Circuit affirmed the decision of U.S. District Judge Rudi M. Brewster to exclude testimony by a witness that the defendant told the witness that the defendant was afraid of government agents. The Ninth Circuit cited Cohen with approval and emphasized that Rule 803(3) excludes evidence of a statement of belief in order to prove the fact believed. For the rule to have any effect, the Court stated, it must be understood to limit the universe of admissible statements to declarations of condition, *i.e.*, "I'm scared" and not belief, *i.e.*, "I'm scared because an undercover agent threatened me." See id. As such, the Court should preclude self-serving hearsay.

**E. RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court has granted the United States' request for reciprocal discovery. As of the date of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court grant the United States' motions in limine.

DATED: April 22, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney