UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. EDUARDO MARTINEZ-VALDEZ, Defendant. | Criminal Case No. 07-CR-3401-L **ORDER** |

On December 19, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b). On December 20, 2007, Defendant was arraigned on the Indictment and pleaded not guilty.

Presently before the Court is Defendant's Motion to Dismiss the Indictment for Invalid Deportation. Defendant argues that the deportation order entered against him on January 19, 2005, is invalid because the immigration judge ("IJ") provided "inadequate and inaccurate advice regarding his rights," particularly concerning Defendant's eligibility for voluntary departure and its relation to his apparent inability to pay for his return to Mexico. The Court held a motion hearing on May 6, 2008, and, after considerable briefing and argument by the parties, took the matter under submission.

A defendant in a § 1326 prosecution "has a Fifth Amendment right to collaterally attack a removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To succeed in a collateral challenge to a removal order, a defendant must demonstrate: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." *Id.* at 1048. An underlying removal order is "fundamentally unfair" when: (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004); *United States v.* Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000).

An alien, however, is barred from collaterally attacking an underlying deportation order if he validly waived the right to appeal that order during the deportation proceedings. *See Arrieta*, 224 F.3d at 1079, *citing United States v. Estrada-Torres*, 179 F.3d 776, 780-81 (9th Cir. 1999). Here, Defendant is not entitled to collaterally attack his removal because the Court finds that: 1) Defendant was advised of his right to appeal; 2) Defendant waived his right to appeal; and 3) there is no showing that the waiver was not "considered and intelligent." *See e.g., United States v. Muro-Inclan*, 249 F.3d 1180, 1183-84 (9th Cir. 2001) (requiring that a waiver be both "considered and intelligent" to be valid).

The Court further finds that Defendant's deportation hearing comported with due process. Contrary to Defendant's position, the record does not indicate that the IJ misadvised Defendant regarding his entitlement to voluntary departure. The Court acknowledges that the preferred method for the IJ to have addressed Defendant's voluntary departure eligibility should have been with the Defendant solely, rather than in group format. Not doing so, however, does not violate due process. The record, taken in its entirety, supports a finding that Defendant was effectively advised of his eligibility to seek a voluntary departure. *See* Def.'s Ex. "B" at 8-9. The IJ informed Defendant of the possibility of voluntary departure

eligibility and explained the benefits of voluntary departure in lieu of removal, and further indicated what procedure would occur regarding the IJ's consideration of voluntary departure. The IJ also advised Defendant of his right to obtain an attorney and his right to appeal an adverse decision. Defendant effectively waived each of these aforementioned rights. Later, when the IJ directed his questions solely to Defendant, there was nothing in the encounter that took place that was inconsistent with the advice that was given at the onset of the proceedings concerning Defendant's eligibility for voluntary departure. Defendant was not mislead; on the contary, he was fully informed. The IJ specifically asked Defendant whether he wanted to postpone his case in order to obtain an attorney and/or investigate other avenues of avoiding removal, but Defendant chose against such options. *See* Def.'s Ex. "B" at 11-14.

The Court further finds that Defendant has not meet his burden of establishing resulting prejudice. Defendant's bare assertion that he would have been granted voluntary departure is not sufficient to demonstrate prejudice. To establish prejudice, a defendant must show "plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996). Put differently, Defendant "must show that 'a direct appeal could . . . have yielded a different result.'" *United States v. Corrales-Beltran*, 192 F.3d 1311, 1318 (9th Cir. 1999). The Court notes that even if Defendant established statutory eligibility, there is no entitlement to voluntary departure because it is a privilege, not a right, and the decision to grant voluntary departure rests in the discretion of the Attorney General. *See Villanueva-Franco v. INS*, 802 F.2d 327, 329 (9th Cir. 1986); *Kandamar v. Gonzales*, 464 F.3d 65, 69-70 (1st Cir. 2006).

Therefore, for the above stated reasons, Defendant's Motion to Dismiss the Indictment for Invalid Deportation is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 14, 2008

M. James Lorenz
United States District Court Judge