**GREGORY T. MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org

Attorneys for Eduardo Martinez-Valdez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDUARDO MARTINEZ-VALDEZ,<br>Defendant. | Case No. 07CR3401-L<br><br>DATE: May 20, 2008<br>TIME: 9:00 a.m.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MR. MARTINEZ-VALDEZ'S MOTION TO SUPPRESS STATEMENTS |

Eduardo Martinez-Valdez, through undersigned counsel Gregory T. Murphy and Federal Defenders of San Diego, Inc., respectfully submits the following memorandum of points and authorities in support of his motion to suppress the "Sworn Statement in Proceedings" offered by government counsel.

**I.**

**FACTS**

Mr. Martinez-Valdez was arrested in the Imperial Beach area on April 24, 2007. Because he was not an "aggravated felon," Mr. Martinez-Valdez did not meet then existing standards for prosecution. Accordingly, he was transferred to state custody to serve out time on a parole violation.

On April 27, 2007, Customs and Border Protection Officer Jose Barrios interviewed Mr. Martinez-Valdez at Donovan State Prison. There was no witness to the interview.

Officer Barrios did not advise Mr. Martinez-Valdez of his Miranda rights before beginning the interview. Instead, the officer read from a pre-printed sheet, which began by explaining Mr. Martinez-

Valdez's "rights, and the purpose and consequences of this interview." Specifically, Officer Barrios explained (1) that he was interviewing him to determine whether to reinstate the prior order of removal; (2) that if Mr. Martinez-Valdez lied or gave misinformation, he might be subject to criminal penalties; (3) that he was not entitled to a hearing or review; and (4) that any statement he made could be used against him **"in this or any subsequent administrative proceeding.**"

The officer did not explain that Mr. Martinez-Valdez had the right to an attorney. He did not tell him he had the right to remain silent. He did not tell him his statements could be used against him in a criminal proceeding, though his questions encompassed all the elements of this prosecution. In fact, Officer Barrios told Mr. Martinez-Valdez that by signing the form he could be sure of being deported immediately and avoid the possibility of prosecution for illegal re-entry.

Mr. Martinez-Valdez allegedly answered the officer's questions. Following his release from custody, he was transferred again to ICE custody pursuant to an immigration hold. This time, ICE Agent Gregory Harrison explained Mr. Martinez-Valdez's rights pursuant to the Miranda opinion. Mr. Martinez-Valdez invoked those rights.

The prosecutor now seeks to use the first set of statements, taken before Mr. Martinez-Valdez heard and invoked his Miranda rights, in this criminal proceeding.

## II.

## ARGUMENT

Statements taken during custodial interrogation must be preceded by Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (1966). The prosecutor contends that the statements in the Record of Sworn Statement were not taken during custodial interrogation, and are therefore admissible.

The prosecutor's argument invites the Court to ignore binding Ninth Circuit precedent. In Cervantes v. Walker, 589 F.2d 424 (9th Cir. 1978), the Ninth Circuit reconciled the realities of prison investigations with Mathis v. United States, 391 U.S. 1 (1968)--which had held that Miranda warnings were required when a prisoner was questioned about matters unrelated to his reason for being in custody--by holding that an inmate is "in custody" for Miranda purposes only when his limited freedom is subject to some additional restriction. Id. at 428. The crucial determining factor, according the Ninth Circuit, is whether the interviewer is a prison official or an outside investigator: "**The questioning of Mathis by a government agent, not himself a**

**member of the prison staff, on a matter not under investigation within the prison itself may be said to have constituted an additional imposition on his limited freedom of movement, thus requiring Miranda warnings.**" Subsequent unpublished cases in this circuit have applied this rule to questioning by immigration officers. E.g. United States v. Serna-Vargas, 133 F.3d 930 (9th Cir. 1998) (unpublished)("[T]he fact that an INS agent entered the prison to question Serna-Vargas about an unrelated charge [namely, her immigration status] would likely satisfy the 'additional restrictions' test of Cervantes.").

Here, there is no question that Officer Barrios was "a government agent, not himself a member of the prison staff" when he questioned Mr. Martinez-Valdez "on a matter not under investigation within the prison itself." Accordingly, while Mr. Martinez-Valdez's statements may be usable in "any administrative proceeding," as the officer himself indicated, they are not admissible in this criminal proceeding unless preceded by Miranda warnings. The Court should follow the binding authority of Cervantes, decline to follow the out-of-circuit district court case urged by the prosecutor, and order the "Record of Sworn Statement in Proceedings" suppressed.

Respectfully submitted,

DATED: May 18, 2008

/s/ Gregory T. Murphy
**GREGORY T. MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Eduardo Martinez-Valdez