**GREGORY T. MURPHY**
California Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467 (tel); (619) 687-2666 (fax)
Gregory_Murphy@fd.org

Attorneys for Mr. Eduardo Martinez-Valdez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**EDUARDO MARTINEZ-VALDEZ,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 07CR3401-L<br><br>DATE: May 20, 2008<br>TIME: 9:00 a.m.<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY,
JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY:

Eduardo Martinez-Valdez,, by and through counsel, Candis Mitchell, and the Federal Defenders of San Diego, Inc., pursuant to Federal Rule of Criminal Procedure 30, requests the Court instruct the jury on the law as set forth herein.

Respectfully submitted,

Dated: May 19, 2008

*s/ Gregory Murphy*
**GREGORY T. MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Martinez-Valdez
Gregory_Murphy@fd.org

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE 9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2003)**

9th Cir. Crim. Jury Instr. 1.1 (2003) ("Duty of Jury")

9th Cir. Crim. Jury Instr. 1.3 (2003) ("What Is Evidence")

9th Cir. Crim. Jury Instr. 1.4 (2003) ("What Is Not Evidence")

9th Cir. Crim. Jury Instr. 1.5 (2003) ("Evidence For a Limited Purpose")

9th Cir. Crim. Jury Instr. 1.7 (2003) ("Ruling On Objections")

9th Cir. Crim. Jury Instr. 1.8 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 1.9 (2003) ("Conduct of the Jury")

9th Cir. Crim. Jury Instr. 1.10 (2003) ("No Transcript Available to the Jury")

9th Cir. Crim. Jury Instr. 1.11 (2003) ("Taking Notes")

9th Cir. Crim. Jury Instr. 1.12 (2003) ("Outline of Trial")

9th Cir. Crim. Jury Instr. 1.13 (2003) ("Jury to Be Guided By Official English Interpretation")

9th Cir. Crim. Jury Inst. 2.4 (2003) ("Stipulations of Fact") (if appropriate).

9th Cir. Crim. Jury Inst. 2.9 (2003) ("Foreign Language Testimony") (if appropriate).

9th Cir. Crim. Jury Inst. 2.10 (2003) ("Other Crimes, Wrongs or Acts of Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.5 (2003) ("Reasonable Doubt - Defined")

9th Cir. Crim, Jury Instr. 3.6 (2003) ("What is Evidence")

9th Cir. Crim, Jury Instr. 3.7 (2003) ("What is Not Evidence")

9th Cir. Crim. Jury Instr. 3.9 (2003) ("Credibility of Witnesses").

9th Cir. Crim. Jury Instr. 3.11 (2003) ("Activities not Charged").

9th Cir. Crim. Jury Instr. 3.20 (2003) ("Jury to be Guided by Official English Translation/Interpretation) (if appropriate).

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 7.1 (2003) ("Duty to Deliberate")

9th Cir. Crim. Jury Instr. 7.2 (2003) ("Consideration of Evidence")

9th Cir. Crim. Jury Instr. 7.3 (2003) ("Use of Notes")

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. ___1___

Mr. Martinez-Valdez is charged in the indictment with being an alien who, after deportation, was found in United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for Mr. Martinez-Valdez to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Martinez-Valdez was deported from the United States;

Second, after deportation Mr. Martinez-Valdez voluntarily entered the United States;

Third, when Mr. Martinez-Valdez entered he knew he was entering the United States;

Fourth, Mr. Martinez-Valdez was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, and

Fifth, Mr. Martinez-Valdez was an alien at the time of his entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen [or a national] of the United States.

<u>Authority</u>

<u>See</u> Ninth Cir. Model Jury Instr. 9.5B (Approved 1/2007)

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _2__

This is a criminal case brought by the United States government. The government charges the defendant with [*crimes charged*]. The charges against Mr. Martinez-Valdez are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case: [*supply brief statement of elements of crime[s]*]. These instructions are preliminary and the instructions I will give at the end of the case will control.

Mr. Martinez-Valdez has pleaded not guilty to the charge and is presumed innocent. The presumption of innocence applies throughout trial and into jury deliberations. The presumption of innocence may only be overcome upon your determination after the close of evidence, during deliberations, that the government has proven each element of the charged offenses beyond a reasonable doubt.

Authority

9th Cir. Crim. Jury Instr. 1.2 (2003 ed.) (modified). United States v. Cummings, 468 F.2d 274, 280 (9th Cir. 1972)("Both the presumption [of innocence] and the [proof beyond a reasonable doubt] burden remain throughout the trial and go with the jury when it deliberates."); United States v. Perlaza, 439 F.3d 1149, 1171-72 (9th Cir. 2006)(instruction "flawed" in part because "[i]t did not specify that the presumption of innocence 'go[es] with the jury when it deliberates.'")

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ____________

DEFENDANT'S PROPOSED INSTRUCTION NO. __3__

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is based on the legal principle that the defendant is presumed innocent. Thus, reasonable doubt may be based solely on the government's failure to present evidence that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty beyond a reasonable doubt, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority

9th Cir. Crim. Jury Instr. 3.2 (2003 ed.) (modified). See In re Winship, 397 U.S. 358, 364 (1970) (the prosecution has to prove every element of the charged crime beyond a reasonable doubt); and Mullaney v. Wilbur, 421 U.S. 684 (1975) (same). See United States v. Andrews, 75 F.3d 552, 556 (9th Cir. 1996) ("mere suspicion or speculation will not provide sufficient evidence" to convict).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. __4__

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that Mr. Martinez-Valdez is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish Mr. Martinez-Valdez's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations, one of which points to Mr. Martinez-Valdez's guilt and the other to his innocence, you must adopt that interpretation that points to Mr. Martinez-Valdez's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

Authority

1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence--Generally) (modified).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ___